58520-BUR                                                                                           Attorney No. 90663

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RULA MANSOUR, SAVANNAH MANSOUR, DEANNA MURPHY & TAMMIE DIANA, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 20-cv-01797 ) |
| ROBERT ASHLEY TAYLOR, individually and as an Employee and/or agent of J.B. HUNT TRANSPORT INC., and J.B. TRANSPORT INC., a Foreign Corporation, | ) ) ) ) ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

NOW COME the Defendants, ROBERT ASHLEY TAYLOR and J.B. HUNT TRANSPORT, INC. (together, "Defendants"), by and through their attorneys, Thomas P. Burke and Patrick B. Barnett of QUERREY & HARROW, LTD., and pursuant to 28 U.S.C. §§ 1441 and 1332, remove this cause of action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support thereof, the Defendants state as follows:

### Grounds for Removal

1.      Defendants exercise their rights under 28 U.S.C. § 1441 to remove this civil action from the Circuit Court of Cook County, Illinois, County Department, Law Division, in which this action is now pending, under the name of *Rula Mansour, et al. v. Robert Ashley Tayor, et al.*, Docket No. 2020 L 002226 (the "State Action"),[1] to the United States District Court for the

---

[1] *See* a copy of Plaintiffs' Complaint at Law attached hereto as **Exhibit A**.

Northern District of Illinois, Eastern Division. Removal is proper because, as outlined below, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. 28 U.S.C. § 1441, which establishes when an action is removable, sets forth in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

3. The Court's subject-matter jurisdiction, and Defendants' basis for removal, is founded upon 28 U.S.C. § 1332 – Diversity of Citizenship ("Section 1332").

4. This is the proper Court for removal because the State Action is pending in the Circuit Court of Cook County, Illinois, a county embraced by the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 1441(a).

## Amount in Controversy

5. Section 1332 states, in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

6. In their Complaint at Law, Plaintiffs assert the following Eight (8) claims sounding in negligence: (1) Count One—(Rula Mansour v. Robert Ashley Taylor); (2) Count Two—(Rula Mansour v. J.B. Hunt Transport, Inc.); (3) Count Three—(Savannah Mansour v. Robert Ashley Taylor); (4) Count Four—(Savannah Mansour v. J.B. Hunt Transport, Inc.); (5) Count Five—(Deanna Murphy v. Robert Ashley Taylor); (6) Count Six—(Deanna Murphy v. J.B. Hunt Transport, Inc.); (7) Count Seven—(Tammie Diana v. Robert Ashley Taylor); (8) Count Eight—(Tammie Diana v. J.B. Hunt Transport, Inc.) (*See* Exh. A).

7. On information and belief, and given the number of Plaintiffs and the extent of the damages, the Complaint at Law satisfies the amount in controversy requirement for diversity jurisdiction under Section 1332 because the alleged damages Plaintiffs will seek exceed $75,000.00. 28 U.S.C. § 1332.

## Diversity of Citizenship

8. When the amount in controversy is satisfied, subject-matter jurisdiction exists "where the matter in controversy . . . is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

9. At all relevant times, Plaintiffs RULA MANSOUR and SAVANNAH MANSOUR resided in Chicago, Cook County, Illinois. (*See* Exh. A, Pars. 1-2).

10. At All relevant times, Plaintiffs DEANA MURPHY and TAMMIE DIANA resided in Lake County, Illinois. (*See* Exh. A, Pars. 3-4).

11. At all relevant times, the Defendant ROBERT ASHLEY TAYLOR was a resident of Fort Bend County, Texas. (*See* Exh. A, Par. 5).

12. At all relevant times, Defendant J.B. HUNT TRANSPORT, INC. was a foreign corporation organized and existing under the laws of the State of Georgia. (See Exh. A, Par. 6). Further, J.B. HUNT TRANSPORT, INC. has its principal place of business and corporate headquarters in Lowell, Arkansas.[2]

13. Therefore, the diversity of citizenship requirements of 28 U.S.C. § 1332 are satisfied.

## Removal is Timely

---

[2] See a copy of the Declaration of Christina Lasdavanh, on behalf of J.B. Hunt Transport Inc., attached hereto as **Exhibit B**.

14. 28 U.S.C. § 1446, which establishes the time frame and procedures to properly effectuate removal, sets forth in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . 28 U.S.C. § 1446(b);
>
> See also *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999)

(holding that the thirty-day removal period begins to run when a defendant is formally served with the Complaint).

15. Plaintiffs filed the State Action on or about February 24, 2020.

16. Plaintiffs served a copy of the complaint and summons on Defendants on or about February 28, 2020.

17. On or about March 3, 2020, Plaintiffs filed an Affidavit of Service on the Defendants in the State Action. That same day, the Defendants filed their Appearance in the State Action.

18. Accordingly, this Notice is timely as it has been filed less than thirty (30) days from the date when the Complaint was served on Defendants.

19. Defendants will file with the Circuit Court of Cook County, Illinois a copy of this Notice of Removal, as provided by 28 U.S.C. § 1446(d), promptly after filing in this Court.

WHEREFORE, Defendants, ROBERT ASHLEY TAYLOR and J.B. HUNT TRANSPORT, INC., respectfully remove this cause action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division in accordance with 28 U.S.C. § 1441.

Respectfully submitted,

By: */s/ Thomas P. Burke*

                Attorney for Defendants
                ROBERT ASHLEY TAYLOR and J.B. HUNT TRANSPORT, INC.

THOMAS P. BURKE (ARDC No.: 6187931)
PATRICK B. BARNETT (ARDC No.: 6326570)
QUERREY & HARROW, LTD.
Attorney for Defendants
175 W. Jackson, Suite 1600
Chicago, IL 60604
(312)540-7000
E-Mail: tburke@querrey.com
     pbarnett@querrey.com

## CERTIFICATE OF SERVICE

I certify that on March 16, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individuals addressed below via U.S. Mail, postage pre-paid at 175 West Jackson Boulevard, Suite 1600, Chicago, Illinois:

**ATTORNEYS FOR THE PLAINTIFFS**
Jennifer L. Ashley (ARDC. No.: 6269348)
Salvi, Schostok & Pritchard, P.C.
218 N. Martin Luther king Junior Ave.
Waukegan, IL 60085
E-Mail: jashley@salvilaw.com

*/s/ Thomas P. Burke*
THOMAS P. BURKE (ARDC No.: 6187931)
QUERREY & HARROW, LTD.
Attorney for Defendants
175 W. Jackson, Suite 1600
Chicago, IL 60604
(312)540-7000
E-Mail: tburke@querrey.com