# EXHIBIT A

12-Person Jury

FILED
2/24/2020 12:00 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 2/24/2020 12:00 PM 2020L002226

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RULA MANSOUR, SAVANNAH           )
MANSOUR, DEANNA MURPHY,          )
and TAMMIE DIANA,                )
                                 )
                                 )
                                 )
          Plaintiffs,            )
v.                               )   No. 2020L002226
                                 )
ROBERT ASHLEY TAYLOR, Individually and )
as an employee and/or agent of J.B. HUNT )
TRANSPORT, INC., and J.B. HUNT TRANSPORT, )
INC., a Foreign Corporation,     )
                                 )
          Defendants.            )

## COMPLAINT AT LAW

NOW COME the Plaintiffs, RULA MANSOUR, SAVANNAH MANSOUR, DEANNA MURPHY, and TAMMIE DIANA, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, ROBERT ASHLEY TAYLOR, Individually and as an employee and/or agent of J.B. HUNT TRANSPORT, INC., and J.B. HUNT TRANSPORT, INC., a Foreign Corporation, states as follows:

### GENERAL FACTUAL ALLEGATIONS

1. On March 24, 2018, and at all times material, Plaintiff RULA MANSOUR resided at 6460 W. Bell Plaine Avenue Unit 410, Chicago, Cook County, Illinois.

2. On March 24, 2018, and at all times material, Plaintiff SAVANNAH MANSOUR resided at 6460 W. Bell Plaine Avenue Unit 410, Chicago, Cook County, Illinois

3. On March 24, 2018, and at all times material, Plaintiff DEANNA MURPHY resided at 314 Richmond Place, Vernon Hills, Lake County, Illinois.

1

FILED DATE: 2/24/2020 12:00 PM 2020L002226

4. On March 24, 2018, and at all times material, Plaintiff TAMMIE DIANA resided at 954 Taylor Drive, Gurnee, Lake County, Illinois.

5. On March 24, 2018, and at all times material, Defendant ROBERT ASHLEY TAYLOR (hereinafter "TAYLOR") resided at 3906 Cloud Bluff, Richmond, Fort Bend County, Texas.

6. On March 24, 2018, and at all times material, Defendant J.B. HUNT TRANSPORT, INC. (hereinafter "J.B. HUNT") was a foreign corporation organized and existing under the laws of the state of Georgia.

7. On March 24, 2018, and at all times material, Defendant J.B. HUNT conducted business in Cook County, Illinois.

8. On March 24, 2018, at approximately 12:20 p.m. (CST), Interstate 55 (hereinafter "I-55") was a public road running in a north and south direction at or near mile post 196 in Pontiac Township, Livingston County, Illinois.

9. On March 24, 2018, at approximately 12:20 p.m. (CST), Plaintiff RULA MANSOUR operated a 2015 Nissan Altima traveling southbound on I-55 at or near mile post 196 in Pontiac Township, Livingston County, Illinois.

10. On March 24, 2018, at approximately 12:20 p.m. (CST), Plaintiff SAVANNAH MANSOUR was a passenger in the vehicle operated by Plaintiff RULA MANSOUR.

11. On March 24, 2018, at approximately 12:20 p.m. (CST), Plaintiff DEANNA MURPHY was a passenger in the vehicle operated by Plaintiff RULA MANSOUR.

12. On March 24, 2018, at approximately 12:20 p.m. (CST), Plaintiff TAMMIE DIANA was a passenger in the vehicle operated by Plaintiff RULA MANSOUR.

13. On March 24, 2018, at approximately 12:20 p.m. (CST), Defendant TAYLOR operated a 2015 Freightline Truck with a VIN Number of 3AKJGLD59FS6M8757.

2

FILED DATE: 2/24/2020 12:00 PM   2020L002226

14. On March 24, 2018, and at all times material, Defendant J.B. HUNT owned the 2015 Freightline Truck with a VIN Number of 3AKJGLD59FS6M8757 driven by Defendant TAYLOR.

15. On March 24, 2018, at approximately 12:20 p.m. (CST), Defendant TAYLOR was an employee of Defendant J.B. HUNT.

16. On March 24, 2018, at approximately 12:20 p.m. (CST), Defendant TAYLOR was an actual and/or apparent agent of Defendant J.B. HUNT.

17. On March 24, 2018, at approximately 12:20 p.m. (CST), Defendant TAYLOR, operated a 2015 Freightline Truck southbound on I-55 at or near mile post 196 in Pontiac Township, Livingston County, Illinois.

18. On March 24, 2018, and at all times material, Defendant TAYLOR operated the 2015 Freightline Truck as an employee of J.B. HUNT.

19. On March 24, 2018, and at all times material, Defendant TAYLOR attempted to brake for stopped traffic on I-55 at or near mile post 196 in Pontiac Township, Livingston County, Illinois.

20. On March 24, 2018, and at all times material, the vehicle operated by Defendant TAYLOR veered and/or moved into the adjacent lane of traffic.

21. On March 24, 2018, at approximately 12:20 p.m. (CST), the vehicle operated by Defendant TAYLOR came into contact with the vehicle operated by Plaintiff RULA MANSOUR.

22. On March 24, 2018, and at all times material, Defendant TAYLOR had a duty to exercise ordinary care in the operation of his vehicle.

23. On March 24, 2018, and at all times material, Defendant J.B. HUNT by and through its employee and/or agent had a duty to exercise ordinary care in the maintenance of the 2015 Freightline Truck.

3

FILED DATE: 2/24/2020 12:00 PM    2020L002226

24. On March 24, 2018, and at all times material, Defendant J.B. HUNT by and through its employee and/or agent had a duty to exercise ordinary care in the inspection of the 2015 Freightline Truck.

25. On March 24, 2018, and at all times material, Defendant J.B. HUNT by and through its employee and/or agent had a duty to exercise ordinary care in the control of the 2015 Freightline Truck.

## COUNT ONE
### (Rula Mansour v. Robert Ashley Taylor)

NOW COMES, Plaintiff RULA MANSOUR, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant ROBERT ASHLEY TAYLOR (hereinafter "TAYLOR") and states as follows:

1-25. Plaintiff RULA MANSOUR restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant TAYLOR breached his duty to exercise ordinary care in the operation of his vehicle.

27. On March 24, 2018, and at all times material, Defendant TAYLOR was negligent in one or more of the following respects:

    a. Failed to keep a proper and sufficient lookout while operating his motor vehicle;

    b. Failed to properly keep his vehicle in the proper lane of the roadway in violation of 625 ILCS 5/11-709;

    c. Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601(a);

    d. Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety in violation of 625 ILCS 5/11-709;

FILED DATE: 2/24/2020 12:00 PM 2020L002226

e. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

f. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

g. Failed to decrease speed so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

h. Failed to stop said vehicle in time to avoid said collision with another vehicle in violation of 625 ILCS 5/11-601(a).

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by TAYLOR, Plaintiff RULA MANSOUR has suffered injuries of a personal, permanent and pecuniary nature, and has and will continue to incur medical bills and has and will continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff RULA MANSOUR demands judgment against ROBERT ASHLEY TAYLOR in an amount in excess of $50,000.00 together with the costs of this action.

## COUNT TWO
(Rula Mansour v. J.B. Hunt Transport, Inc.)

NOW COMES, Plaintiff RULA MANSOUR, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant J.B. HUNT TRANSPORT, INC. (hereinafter "J.B. HUNT") and states as follows:

1-25. Plaintiff RULA MANSOUR restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant J.B. HUNT breached its duty to exercise ordinary care in the operation of its vehicle.

5

27. On March 24, 2018, and at all times material, Defendant J.B. HUNT by and through its employee, actual agent and/or apparent agent was negligent in one or more of the following respects:

    a. Failed to properly maintain its vehicle in proper and adequate working condition;

    b. Failed to properly inspect its vehicle so that it remained in proper and adequate working condition;

    c. Failed to properly control its vehicle as necessary to avoid collision with other vehicles;

    d. Failed to equip its vehicle with sufficient brakes and tires;

    e. Failed to keep a proper and sufficient lookout while operating his motor vehicle;

    f. Failed to properly keep his vehicle in the proper lane of the roadway;

    g. Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions;

    h. Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety;

    i. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety;

    j. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle;

    k. Failed to decrease speed so as to avoid colliding with another vehicle;

    l. Failed to stop said vehicle in time to avoid said collision with another vehicle.

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by J.B. HUNT, Plaintiff RULA MANSOUR has suffered injuries of a personal, permanent and pecuniary nature, and has and will continue to incur medical bills and has and will

continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff RULA MANSOUR demands judgment against J.B. HUNT TRANSPORT, INC. in an amount in excess of $50,000.00 together with the costs of this action.

## COUNT THREE
### (Savannah Mansour v. Robert Ashley Taylor)

NOW COMES, Plaintiff SAVANNAH MANSOUR, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant ROBERT ASHLEY TAYLOR (hereinafter "TAYLOR") and states as follows:

1-25. Plaintiff SAVANNAH MANSOUR restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant TAYLOR breached his duty to exercise ordinary care in the operation of his vehicle.

27. On March 24, 2018, and at all times material, Defendant TAYLOR was negligent in one or more of the following respects:

    a.    Failed to keep a proper and sufficient lookout while operating his motor vehicle;

    b.    Failed to properly keep his vehicle in the proper lane of the roadway in violation of 625 ILCS 5/11-709;

    c.    Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601(a);

    d.    Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety in violation of 625 ILCS 5/11-709;

    e.    Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

7

FILED DATE: 2/24/2020 12:00 PM   2020L002226

FILED DATE: 2/24/2020 12:00 PM 2020L002226

  f. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

  g. Failed to decrease speed so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

  h. Failed to stop said vehicle in time to avoid said collision with another vehicle in violation of 625 ILCS 5/11-601(a).

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by TAYLOR, Plaintiff SAVANNAH MANSOUR has suffered injuries of a personal, permanent and pecuniary nature, and has and will continue to incur medical bills and has and will continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff SAVANNAH MANSOUR demands judgment against ROBERT ASHLEY TAYLOR in an amount in excess of $50,000.00 together with the costs of this action.

### COUNT FOUR
(Savannah Mansour v. J.B. Hunt Transport, Inc.)

NOW COMES, Plaintiff SAVANNAH MANSOUR, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant J.B. HUNT TRANSPORT, INC. (hereinafter "J.B. HUNT") and states as follows:

1-25. Plaintiff SAVANNAH MANSOUR restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant J.B. HUNT breached its duty to exercise ordinary care in the operation of its vehicle.

8

27. On March 24, 2018, and at all times material, Defendant J.B. HUNT by and through its employee, actual agent and/or apparent agent was negligent in one or more of the following respects:

    a. Failed to properly maintain its vehicle in proper and adequate working condition;

    b. Failed to properly inspect its vehicle so that it remained in proper and adequate working condition;

    c. Failed to properly control its vehicle as necessary to avoid collision with other vehicles;

    d. Failed to equip its vehicle with sufficient brakes and tires;

    e. Failed to keep a proper and sufficient lookout while operating his motor vehicle;

    f. Failed to properly keep his vehicle in the proper lane of the roadway;

    g. Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions;

    h. Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety;

    i. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety;

    j. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle;

    k. Failed to decrease speed so as to avoid colliding with another vehicle;

    l. Failed to stop said vehicle in time to avoid said collision with another vehicle.

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by J.B. HUNT, Plaintiff SAVANNAH MANSOUR has suffered injuries of a personal, permanent and pecuniary nature, and has and will continue to incur medical bills and has and will

9

continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff SAVANNAH MANSOUR demands judgment against J.B. HUNT TRANSPORT, INC. in an amount in excess of $50,000.00 together with the costs of this action.

## COUNT FIVE
### (Deanna Murphy v. Robert Ashley Taylor)

NOW COMES, Plaintiff DEANNA MURPHY, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant ROBERT ASHLEY TAYLOR (hereinafter "TAYLOR") and states as follows:

1-25. Plaintiff DEANNA MURPHY restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant TAYLOR breached his duty to exercise ordinary care in the operation of his vehicle.

27. On March 24, 2018, and at all times material, Defendant TAYLOR was negligent in one or more of the following respects:

  a. Failed to keep a proper and sufficient lookout while operating his motor vehicle;

  b. Failed to properly keep his vehicle in the proper lane of the roadway in violation of 625 ILCS 5/11-709;

  c. Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601(a);

  d. Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety in violation of 625 ILCS 5/11-709;

  e. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

FILED DATE: 2/24/2020 12:00 PM 2020L002226

  f. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

  g. Failed to decrease speed so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

  h. Failed to stop said vehicle in time to avoid said collision with another vehicle in violation of 625 ILCS 5/11-601(a).

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by TAYLOR, Plaintiff DEANNA MURPHY has suffered injuries of a personal, permanent and pecuniary nature, and has and will continue to incur medical bills and has and will continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff DEANNA MURPHY demands judgment against ROBERT ASHLEY TAYLOR in an amount in excess of $50,000.00 together with the costs of this action.

## COUNT SIX
### (Deanna Murphy v. J.B. Hunt Transport, Inc.)

NOW COMES, Plaintiff DEANNA MURPHY, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant J.B. HUNT TRANSPORT, INC. (hereinafter "J.B. HUNT") and states as follows:

1-25. Plaintiff DEANNA MURPHY restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant J.B. HUNT breached its duty to exercise ordinary care in the operation of its vehicle.

27. On March 24, 2018, and at all times material, Defendant J.B. HUNT by and through its employee, actual agent and/or apparent agent was negligent in one or more of the following respects:

  a. Failed to properly maintain its vehicle in proper and adequate working condition;

11

b. Failed to properly inspect its vehicle so that it remained in proper and adequate working condition;

c. Failed to properly control its vehicle as necessary to avoid collision with other vehicles;

d. Failed to equip its vehicle with sufficient brakes and tires;

e. Failed to keep a proper and sufficient lookout while operating his motor vehicle;

f. Failed to properly keep his vehicle in the proper lane of the roadway;

g. Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions;

h. Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety;

i. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety;

j. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle;

k. Failed to decrease speed so as to avoid colliding with another vehicle;

l. Failed to stop said vehicle in time to avoid said collision with another vehicle.

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by J.B. HUNT, Plaintiff DEANNA MURPHY has suffered injuries of a personal, permanent and pecuniary nature, and has and will continue to incur medical bills and has and will continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff DEANNA MURPHY demands judgment against J.B. HUNT TRANSPORT, INC. in an amount in excess of $50,000.00 together with the costs of this action.

<u>COUNT SEVEN</u>
(Tammie Diana v. Robert Ashley Taylor)

12

FILED DATE: 2/24/2020 12:00 PM    2020L002226

NOW COMES, Plaintiff TAMMIE DIANA, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant ROBERT ASHLEY TAYLOR (hereinafter "TAYLOR") and states as follows:

1-25. Plaintiff TAMMIE DIANA restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant TAYLOR breached his duty to exercise ordinary care in the operation of his vehicle.

27. On March 24, 2018, and at all times material, Defendant TAYLOR was negligent in one or more of the following respects:

    a. Failed to keep a proper and sufficient lookout while operating his motor vehicle;

    b. Failed to properly keep his vehicle in the proper lane of the roadway in violation of 625 ILCS 5/11-709;

    c. Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601(a);

    d. Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety in violation of 625 ILCS 5/11-709;

    e. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

    f. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

    g. Failed to decrease speed so as to avoid colliding with another vehicle in violation of 625 ILCS 5/11-601(a);

    h. Failed to stop said vehicle in time to avoid said collision with another vehicle in violation of 625 ILCS 5/11-601(a).

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by TAYLOR, Plaintiff TAMMIE DIANA has suffered injuries of a personal, permanent

13

and pecuniary nature, and has and will continue to incur medical bills and has and will continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff TAMMIE DIANA demands judgment against ROBERT ASHLEY TAYLOR in an amount in excess of $50,000.00 together with the costs of this action.

## COUNT EIGHT
### (Tammie Diana v. J.B. Hunt Transport, Inc.)

NOW COMES, Plaintiff TAMMIE DIANA, by and through her attorneys, SALVI, SCHOSTOK, & PRITCHARD P.C. and complaining of the Defendant J.B. HUNT TRANSPORT, INC. (hereinafter "J.B. HUNT") and states as follows:

1-25. Plaintiff TAMMIE DIANA restates and incorporates by reference Paragraphs 1 through 25 of the General Factual Allegations as Paragraphs 1 through 25 of Count One.

26. On March 24, 2018, and at all times material, Defendant J.B. HUNT breached its duty to exercise ordinary care in the operation of its vehicle.

27. On March 24, 2018, and at all times material, Defendant J.B. HUNT by and through its employee, actual agent and/or apparent agent was negligent in one or more of the following respects:

    a. Failed to properly maintain its vehicle in proper and adequate working condition;

    b. Failed to properly inspect its vehicle so that it remained in proper and adequate working condition;

    c. Failed to properly control its vehicle as necessary to avoid collision with other vehicles;

    d. Failed to equip its vehicle with sufficient brakes and tires;

    e. Failed to keep a proper and sufficient lookout while operating his motor vehicle;

FILED DATE: 2/24/2020 12:00 PM 2020L002226

FILED DATE: 2/24/2020 12:00 PM   2020L002226

f. Failed to properly keep his vehicle in the proper lane of the roadway;

g. Failed to proceed at a speed which was greater than reasonable and proper with regard to traffic conditions;

h. Failed to drive the vehicle as nearly as practicable entirely within a single lane without first ascertaining that movement from such lane could be made with safety;

i. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safety;

j. Failed to maintain direction and control over the operation of his motor vehicle so as to avoid colliding with another vehicle;

k. Failed to decrease speed so as to avoid colliding with another vehicle;

l. Failed to stop said vehicle in time to avoid said collision with another vehicle.

28. As a direct and proximate result of one or more of the foregoing acts and/or omissions by J.B. HUNT, Plaintiff TAMMIE DIANA has suffered injuries of a personal, permanent and pecuniary nature, and has and will continue to incur medical bills and has and will continue to suffer physical and mental pain and suffering, disfigurement, and loss of a normal life in the future as a result of these injuries.

WHEREFORE, Plaintiff TAMMIE DIANA demands judgment against J.B. HUNT TRANSPORT, INC. in an amount in excess of $50,000.00 together with the costs of this action.

PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully submitted,

SALVI, SCHOSTOK & PRITCHARD P.C.

By: _____
Attorney for Plaintiffs

15

FILED DATE: 2/24/2020 12:00 PM   2020L002226

Jennifer L. Ashley (ARDC No.: 6269348)
SALVI, SCHOSTOK & PRITCHARD, P.C.
218 N. Martin Luther King Junior Ave.
Waukegan, Illinois 60085
Phone: (847) 249-1227 | Fax: (847) 249-0138
www.salvilaw.com | jashley@salvilaw.com

16

FILED DATE: 2/24/2020 12:00 PM 2020L002226

Firm No. 34560

FILED
2/24/2020 12:00 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RULA MANSOUR, SAVANNAH MANSOUR, DEANNA MURPHY, and TAMMIE DIANA, | )<br>)<br>)<br>) |
| Plaintiffs,<br>v. | )<br>)<br>)   No.   2020L002226 |
| ROBERT ASHLEY TAYLOR, Individually and as an employee and/or agent of J.B. HUNT TRANSPORT, INC., and J.B. HUNT TRANSPORT, INC., a Foreign Corporation, | )<br>)<br>)<br>) |
| Defendants. | ) |

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(B), counsel for the above-named Plaintiff certifies that the Plaintiff seeks money damages in excess of $50,000.00.

SALVI, SCHOSTOK & PRITCHARD P.C.

By: _____
Attorney for the Plaintiff

Jennifer L. Ashley (ARDC No.: 6269348)
SALVI, SCHOSTOK & PRITCHARD, P.C.
218 N. Martin Luther King Junior Ave.
Waukegan, Illinois 60085
Phone: (847) 249-1227 | Fax: (847) 249-0138
www.salvilaw.com | jashley@salvilaw.com