58520-BUR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RULA MANSOUR *et al*, | ) | No. 1:20CV1797 |
| Plaintiffs, | ) | Hon. Matthew Kennelly, J. |
| | ) | Hon. M. David Weisman, M.J. |
| vs. | ) | |
| | ) | |
| ROBERT ASHLEY TAYLOR *et al*, | ) | |
| Defendants. | ) | |

**#9**
**DEFENDANT J.B. HUNT TRANSPORT INC.'s MOTION *IN LIMINE***
**To Exclude the Reports and Testimony of David Gibson**

J.B. Hunt Transport Inc. ("J.B. Hunt"), by counsel, for its Motion *In Limine* to exclude the expert reports and testimony of David Gibson, states as follows:

Plaintiffs' retained expert David Gibson has calculated the present value of the medical costs in the various life care plans prepared by Plaintiffs' retained life care planner Dr. Gary Yarkony. (See Mr. Gibson's reports, attached as Exhibits A and B). However, as explained in more detail in J.B. Hunt's Motion in Limine to Bar Dr. Yarkony's life care plans, Dr. Yarkony's recommended treatments should be excluded from evidence because he provides no methodology or reasoning to explain how he came up with the frequency or duration of the treatments he proposed. He also testified that he would defer to the treating physicians as to whether the Plaintiffs would actually need any of the treatments or medications he recommended. However, Dr. Yarkony did not discuss any of his treatment recommendations with any of Plaintiffs' treating physicians. None of the treating physicians testified that they agreed with the treatments proposed by Dr. Yarkony. In addition, Dr. Yarkony failed to account for whether his proposed treatments would have been needed anyway due to each Plaintiffs' pre-existing health conditions. These are the same deficiencies that resulted in barring the opinions of life care planners in *Queen v. W.I.C., Inc.*, 2017

U.S. Dist. LEXIS 143087 (S.D. Ill. 2017) and *Hopey v. Spear*, 2016 U.S. Dist. LEXIS 198969 (C.D. Ill. 2016), because the opinions were nothing more than bottom-line, foundationless conclusions that lacked probative value and would not assist the trier of fact.

In *Queen*, the Court noted that "an opinion without foundation in the record has no probative value, and so is neither relevant within the meaning of Rules 401 and 402 nor helpful to the trier of fact within the meaning of Rule 702." 2017 U.S. Dist. LEXIS 143087, at 13-14. After excluding from evidence the foundationless opinions of the life care planner as to the future treatment that the Plaintiff would need, the *Queen* Court barred the cost valuations of those same treatments. "Given that [the life care planner's] opinions on [Plaintiff's] future medical treatment have no foundation in the record, and his methods prove unreliable, it follows that [his] cost valuation opinion based on those recommended treatments also lacks a proper foundation. Thus, the Court agrees that the proposed treatments and cost estimates in [the] life care plan are not scientifically reliable." *Id.* at 14.

Similarly here, Mr. Gibson's present value calculations for the cost of the future treatments in Dr. Yarkony's life care plans are only relevant and useful if Dr. Yarkony's treatment recommendations are based on a sound methodology. Because Dr. Yarkony's treatment recommendations are only bottom-line, foundationless conclusions, they should not be admitted into evidence. Mr. Gibson's opinions on the present value of the cost of those future treatments then become irrelevant. This is what one Court has described as the "garbage in, garbage out" hazard. *Alexian Bros. Health Providers Ass'n v. Humana Health Plan, Inc.*, 608 F. Supp. 2d 1018, 1025 (N.D. Ill. 2009). Because Mr. Gibson's present value opinions on the cost of the foundationless, bottom-line treatment recommendations lack probative value and will not assist the trier of fact in deciding any relevant issue, Mr. Gibson's reports and testimony on present value

should be barred. The present value opinions are the only opinions that Mr. Gibson has offered in this matter.

WHEREFORE, J.B. Hunt Transport Inc. moves the Court to enter an order excluding from evidence the expert reports and testimony of David Gibson.

                                                                            Respectfully submitted,
Defendant, J.B. Hunt Transport, Inc.

By:/s/ *Thomas P. Burke*
        One of Its Attorneys

Thomas P. Burke  ARDC #6187931
QUERREY & HARROW, LTD.
Attorneys for Defendant J.B. Hunt Transport Inc.
120 N. LaSalle St.
Suite 2600
Chicago, Illinois  60602
(312) 540-7000
E-Mail:  tburke@querrey.com