IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RULA MANSOUR and<br>DEANNA MURPHY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 20 C 1797 |
| ROBERT TAYLOR and<br>J.B. HUNT TRANSPORT, INC., | )<br>)<br>) | |
| Defendants. | ) | |

## RULINGS ON CERTAIN MOTIONS IN LIMINE

In this order, the Court rules on a number of the parties' motions in limine. The parties should be prepared to argue the remaining motions at the pretrial conference on January 13, 2023.

**A.  Defendants' motions**

**1.  Limiting treating physicians' testimony.**  The Court acknowledges the distinction between the scope of testimony appropriately given by a treating physician and that appropriately given by a retained expert.  Among other things, treating physicians are, generally speaking, limited to testimony regarding their own treatment and determinations; retained experts' testimony is limited by their Rule 26(a)(2) disclosure.  The Court cannot rule on specific lines of inquiry in a vacuum, however.  Each side will be expected to make appropriate objections at trial, and the Court will rule on any such objection when made.

**2.  Bills for plaintiff Murphy's chronic pain care.**  The Court overrules

defendants' motion seeking to bar evidence regarding Dr. Vanderby's treatment of plaintiff Murphy following the collision. The points made by defendants in the motion are appropriately asserted by way of cross-examination, presentation of contrary evidence, and argument to the jury, not by excluding his testimony, which is relevant and not unfairly prejudicial or unduly confusing.

4. **"Reasonable degree of medical certainty."** This motion, as best as the Court can understand it—and the Court is constrained to say that it borders on the incomprehensible—seems to ask to bar argument attempting to equate the preponderance of the evidence standard by which the jury must find liability and damages with the "reasonable degree of medical certainty" formulation typically used by medical experts. The Court overrules the motion. It's a matter for argument, and the preponderance standard will be defined for the jury both in the preliminary and final instructions.

6. **Certain testimony by Dr. Yarkony.** Defendants seek to bar certain testimony by Dr. Yarkony, a "life care planning" expert. They contend that Dr. Yarkony opines that plaintiffs require treatment that their treating physicians have not proposed, for conditions that their treating physicians have not stated are permanent, and that, they contend, the plaintiffs would have needed even absent the collision. (This is a non-exhaustive summary of defendants' arguments.) The points made by defendants go to the weight to be given to Dr. Yarkony's testimony, not its admissibility; they are points for cross-examination and presentation of contrary evidence, not exclusion of his opinions. *See generally Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993). The Court is satisfied based on the record presented that plaintiffs will be able

to lay an appropriate foundation for Dr. Yarkony's opinions to be admitted in evidence.

The Court also finds that Dr. Yarkony's report sufficiently describes his opinions and the basis for them as required by Rule 26(a)(2).

7. **Dr. Yarkony repeating Dr. Hsu's opinions.** Dr. Yarkony may rely on the opinions of Dr. Hsu as set out in his deposition, assuming an appropriate foundation is laid. *See* Fed. R. Evid. 703. But Dr. Yarkony he may not simply repeat testimony from Dr. Hsu's deposition unless an appropriate foundation is laid pursuant to the last sentence of Rule 703—which plaintiffs have not attempted to do in their response to the motion. If, however, Dr. Hsu testifies and renders an opinion, there is nothing improper about asking Dr. Yarkony if he agrees with it, so long as that's within the scope of Dr. Yarkony's Rule 26(a)(2) disclosures.

8. **Testimony by David Gibson.** Defendants argue that the Court should exclude David Gibson's testimony because it is predicated upon the admission of Dr. Yarkony's testimony, which they have moved to exclude. Because the Court has denied the request to exclude Dr. Yarkony's testimony, it also overrules the motion to bar Mr. Gibson's testimony.

9. **Testimony by Angela Mattinda.** The Court overrules the request to bar testimony by Angela Mattinda regarding the reasonableness of the charges by Rush SurgiCenter. The considerations offered by defendants go to the weight to be given to Ms. Mattinda's testimony; they do not bear on its admissibility. The Court believes, based on the record presented, that there is an adequate foundation for Ms. Mattinda to testify regarding these points.

10. **"Quasi-medical testimony" by lay witnesses.** Lay witnesses cannot

3

appropriately testify regarding medical diagnoses, so defendants' motion 10 is granted to that extent. They may appropriately testify, however, regarding their observations and their symptoms.

B.   **Plaintiffs' motions**

2.   **References to plaintiff Mansour's delay in loss of consciousness.** The Court denies plaintiffs' motion to bar reference to the fact that plaintiff Mansour did not lose consciousness immediately after the collision. The evidence is relevant and not unfairly prejudicial or confusing.

3.   **Motion to bar reference to certain medical conditions.** Plaintiffs' request to preclude reference to Ms. Mansour's prior low back pain appears to be agreed, see Defs.' Resp. at 4, so this motion is granted to that extent. The Court will need to hear argument regarding the motion as it relates to plaintiff Murphy.

4.   **Marriage license; social media photos; surveillance videos.** The Court excludes plaintiff Mansour's marriage license under Rule 403, but defendants may, if they wish, ask Ms. Mansour when she got married, as this appears to be relevant to the claim for "loss of normal life" damages and not unfairly prejudicial or confusing.

The Court overrules plaintiffs' requests to exclude certain photos posted on plaintiff Mansour's social media accounts; these are likewise relevant given the damages claimed and not unfairly prejudicial or confusing.

The Court will need to hear argument regarding the surveillance videos taken of Ms. Mansour in July 2022, following the conclusion of discovery.

6.   **Photos from scene of collision and of vehicles.** The Court overrules

4

plaintiffs' request to exclude photos from the collision scene, including photos of the vehicles. These are relevant and probative in determining the severity of the collision and whether it caused the injuries claimed. There is no viable argument that the photos are unduly confusing or otherwise unfairly prejudicial.

10. **Dr. Zelby's independent medical examination.** Plaintiffs ask to exclude a report from a medical examination (IME) of plaintiff Mansour conducted by defense expert Dr. Zelby on the ground that Dr. Zelby had already concluded, in a previously disclosed Rule 26(a)(2) opinion, that Ms. Mansour was no longer suffering from injuries from the collision. This, plaintiffs contend, makes his IME testimony "completely irrelevant." Pls.' Mots. at 13. That's ridiculous. A somewhat better argument might have been that the IME testimony was unduly cumulative and thus subject to exclusion under Federal Rule of Evidence 403, but that argument would have fared no better. Testimony derived from an examination is not unduly cumulative of testimony derived from a record review, and even if there is overlap the potential for some cumulativeness does not substantially outweigh the probative value of the testimony concerning the IME.

13. **Limiting evidence from defendant's answers to requests for admission.** In some responses to requests for admission, defendants added some arguably extraneous information. Here's an example:

> RA6. Admit that RULA MANSOUR was injured as a result of the motor vehicle accident on March 24, 2018.
>
> Response: Defendants admit that according to the emergency room records of Saint James Hospital, Pontiac, IL and Dr. Darrell Rust, Rula Mansour sustained a neck muscle strain and possible concussion in the motor vehicle accident.

5

Pls.' Mots., Ex. 3 at 2. The other responses in question are relatively similar. The Court agrees with plaintiffs that these answers went beyond what's appropriate under Fed. R. Civ. P. 36, but the appropriate remedy for that would have been to move (during the discovery period) to strike the answers and require appropriate answers. Plaintiffs did not do that. Instead they are now asking to delete parts of the answers—for example, for the answer quoted above, limiting it to "Defendants admit." That's not an appropriate remedy, and plaintiffs offer no authority to support their request. The Court denies the motion.

Date: January 12, 2023

                                                MATTHEW F. KENNELLY
                                                United States District Judge