58520-BUR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RULA MANSOUR *et al*, | ) | No. 1:20CV1797 |
| Plaintiffs, | ) | Hon. Matthew Kennelly, J. |
| | ) | Hon. M. David Weisman, M.J. |
| vs. | ) | |
| | ) | |
| ROBERT ASHLEY TAYLOR *et al*, | ) | |
| Defendants. | ) | |

**MOTION TO BAR EXPERT TESTIMONY BASED ON UNTIMELY DISCLOSURE**

The Defendants move the Court to bar the Plaintiff's retained litigation consultants David Gibson ("Gibson"), Dr. Gary Yarkony ("Dr. Yarkony"), and Mark Guilford ("Guildford") from testifying at trial based on Plaintiff's failure to comply with FRCP 26(e). In the alternative, Defendants move the Court to bar the opinions that Plaintiff failed to disclose within the time required by FRCP 26(e). In support, Defendants state as follows:

1. Plaintiff disclosed new opinions by Guilford at 1:56 p.m. on August 16, 2023, approximately 20 hours before trial. She disclosed new opinions by Dr. Yarkony at 1:51 p.m. on August 16, 2023, approximately 20 hours before trial. She disclosed new opinions by Gibson at 6:08 p.m. on August 16, 2023, approximately 15 hours before trial.

2. FRCP 26(a)(2)(D) requires expert opinions to be disclosed no later than 90 days prior to trial. FRCP 26(e)(2) requires any supplementation of prior expert opinions to be done no later than 30 days prior to trial.

3. FRCP 37(c)(1) provides that a party who fails to provide information as required by FRCP 26(e) is not allowed to use that information or witness to supply evidence at trial.

4. In *Global Digit. Solutions, Inc. v. Metalurgica*, 2022 U.S. App. LEXIS 30824 (11th Cir. 2022), the Appellate Court held that the District Court properly excluded an expert from testifying based on the failure to timely provide the expert's report. In *Pickens v. United States*, 750 F. Supp. 2d 1243, 1251 (D. Or. 2010), the Court barred a party from using new opinions contained in an updated expert report that was not timely disclosed. In *Applera Corp. v. MJ Research Inc.*, 220 F.R.D. 13, 19 (D. Conn. 2004), the Court barred a party's witnesses from providing any expert testimony that was not timely disclosed, where that party disclosed its experts' opinions on the eve of trial.

5. Defendants move the Court to bar Guilford, Yarkony and Gibson from providing evidence at trial that they first disclosed on August 16, 2023.

6. As to Guilford, Defendants move to bar any opinions as to the reasonable value of medical treatment obtained after March 29, 2022, the final date of treatment analyzed in Guilford's original report. A copy of Guilford's untimely report opining as to the reasonable value of treatment after that date is attached as Exhibit A.

7. As to Dr. Yarkony, Defendants move to bar evidence of his examination of Plaintiff on August 2, 2023, and all opinions formed as a result of that examination. A copy of Dr. Yarkony's untimely report is attached as Exhibit B. Defendants further move to bar evidence of his review of Northwestern records from February of 2023 through the present, and all opinions formed as a result of that review. (Ex. B, p. 1). (This testimony

2

should also be barred as cumulative of Dr. Nagar's testimony). Defendants move to bar his summary of the evidence deposition testimony of Dr. Nagar, which is untimely and, by definition, cumulative of Dr. Nagar's testimony. (Ex. B, p. 1-2). Defendants move to bar his opinions based on his review of unidentified records "going [back] many years," which could have been reviewed prior to the expert disclosure deadline. (Ex. B, p. 2). Defendants move to bar evidence of his review of Dr. Lubenow's office visit note from July 20, 2023, and all opinions formed as a result of that review. (Ex. B, p. 3), including his opinion that she may need a lead replacement at a cost of approximately $75,000 if she needs an MRI before 2029-2030. (This testimony should also be barred as speculative and as cumulative of Dr. Lubenow's testimony). Defendants move to bar Dr. Yarkony's opinion that the collision on 3-24-18 caused an aggravation of cervical spondylosis and facet arthropathy, which opinion was not previously disclosed. (Ex. B, p. 3).

8. As to Gibson, his untimely report dated August 16, 2023 gives his estimate of the present cash value of the treatment outlined in Dr. Yarkony's untimely report dated August 15, 2023. A copy of Gibson's untimely report is attached as Exhibit C. Gibson offers the new opinion that that the cost of "neuro, pain mgmt, labs and imaging" will cost more than he previously estimated. (Ex. C, p. 6). He offers the new opinion that the present value of a spinal cord stimulator generator, with and without lead replacement, is higher than he previously estimated. (Ex. C, p. 7-8). Gibson offers the new opinion that the present value of the spinal cord stimulator leads is higher than he previously estimated. (Ex. C, p. 8). Finally, Gibson offers the new opinion that the present value of

an additional surgery to replace the leads is $78,342. (Ex. C, p. 9). All of these untimely opinions should be barred.

For the foregoing reasons, Defendants request that this Court bar the opinions of Plaintiff's retained litigation consultants David Gibson, Dr. Gary Yarkony, and Mark Guilford that Plaintiff failed to disclose within the time required by FRCP 26(e).

                                                Defendant, J.B. Hunt Transport, Inc.

                                                By:/s/ *Thomas P. Burke*
                                                     One of Its Attorneys

Thomas P. Burke  ARDC #6187931
QUERREY & HARROW, LTD.
120 N. LaSalle St., Suite 2600
Chicago, Illinois 60602
(312) 540-7000;
E-Mail:  tburke@querrey.com

4